**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HUSSEIN ALI,

                Plaintiff,

v.                                            Case No. 3:15-cv-816-J-34PDB

HUDSON INSURANCE COMPANY, et al.,

                Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on a number of motions filed by Defendants in this action: (1) Defendant Aegis Security Insurance Company's Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice with Incorporated Memorandum of Law (Doc. 13; "Aegis's Motion"), filed on August 4, 2015; (2) Defendants, Abdul Jawad, Jawad Co., d/b/a Own A Car of Fresno, Fresno Auto Liquidation Cetner [sic], Sierra Auto, Jawad Investment, Inc., Hudson Insurance Company and American Safety Casualty Insurance Company's Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue and Motion to Dismiss or, in the Alternative, Motion for More Definate [sic] Statement and Supporting Memorandum of Law (Doc. 26; "Abdul Jawad's Motion"), filed on August 12, 2015; (3) Philadelphia Indemnity Insurance Company's Motion to Dismiss Plaintiff's First Amended Complaint, or in the Alternative, for More Definite Statement with Incorporated Memorandum of Law (Doc. 27; "Philadelphia Indemnity's Motion"), filed on August 12, 2015; (4) Western Surety Company's Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice, or in the Alternative, Motion for Summary Judgment (Doc. 32; "Western Surety's Motion"), filed on August 19, 2015; and

(5) Defendants Auto Resources Inc., Carmotive, Inc. [sic] Najeh Jawad, Jad Jawad and Mohammed Jawad's Motion to Dismiss First Amended Complaint or, in the Alternative, Motion to Change Venue (Doc. 44; "Auto Resources' Motion"), filed on September 8, 2015 (collectively, "Defendants' Motions"). The Plaintiff, Hussein Ali, responded to all of Defendants' Motions. See Docs. 28, 29, 48, 52, 63.

In the Court's previous Order on Defendants' Motions, the Court granted, in part, Abdul Jawad's Motion and Auto Resources' Motion, took those motions under advisement in part, and took Aegis's Motion, Philadelphia Indemnity's Motion, and Western Surety's Motion under advisement. Doc. 65. In the Order, the Court informed the parties that, because venue is improper in the Middle District of Florida as to at least some claims and Defendants, the Court is inclined to transfer the entire case to the Eastern District of California, where venue would be proper as to all claims and Defendants. See Doc. 65 at 13–17. The Defendants who challenged venue requested transfer as an alternative to dismissal, but Aegis, Philadelphia Indemnity, and (possibly) Western Surety did not challenge venue and so had not addressed the propriety of transfer. The Court therefore ordered those Defendants and Ali to show cause why the case should not be transferred to the Eastern District of California. Id. at 20, 23.

Aegis, Philadelphia Indemnity, and Western Surety have responded, stating none of them oppose the proposed transfer. See Doc. 67 at 1; Doc. 68 at 1; Doc. 69 at 1. Ali, however, does, stating that (1) he has since filed two additional related cases in this District, and (2) he is financially unable to travel to California to litigate his case. See Doc. 70 at 1–3. Accordingly, having heard from all parties on the propriety of transfer to the Eastern District of California, this matter is ripe for review.

Title 28 U.S.C. § 1404(a) provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In considering whether to transfer a case pursuant to § 1404(a), the district court must engage in a two-step inquiry. See Eye Care Int'l, Inc. v. Underhill, 119 F. Supp. 2d 1313, 1318 (M.D. Fla. 2000). The court must first determine, as a threshold matter, whether the case might have been filed in another district. Next, the court must consider "whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice." Id.; see also Bookworld Trade, Inc. v. Daughters of St. Paul, Inc., No. 806-cv-1746-T-27MAP, 2006 WL 3333718, at *1 (M.D. Fla. Nov. 16, 2006).

As to the first step, the Court has already determined that the case could have been brought in the Eastern District of California. See Doc. 65 at 17–20. Thus, the Court turns to the second step of the analysis. As to this step, the Eleventh Circuit Court of Appeals has identified nine factors to consider in determining whether transfer is appropriate:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). No single factor is dispositive, although some factors carry more weight than others. See Summers-Wood L.P. v. Wolf, No. 3:08-cv-60/RV/MD, 2008 WL 2229529, at *2 (N.D. Fla. May 23, 2008).

Notably, "[i]n determining the propriety of transfer, the Court must give considerable weight to [a] Plaintiff's choice of forum. Only if the Plaintiff's choice is clearly outweighed by considerations of convenience, cost, judicial economy, and expeditious discovery and trial process should this Court disregard the choice of forum and transfer the action." Response Reward Sys., L.C. v. Meijer, Inc., 189 F. Supp. 2d 1332, 1339 (M.D. Fla. 2002) (internal citation omitted); see also Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." (internal quotation marks omitted)). Indeed, if "transfer would merely shift the inconvenience from one party to the other, or if the balance of all factors is but slightly in favor of the movant," then transfer is inappropriate. Folkes v. Haley, 64 F. Supp. 2d 1152, 1154 (M.D. Ala. 1999) (internal quotation marks omitted). However, a court may give lesser weight to a plaintiff's choice of forum where it has no significant connection to the operative facts. See Silong v. United States, No. 5:05-cv-55-Oc-10GRJ, 2006 WL 948048, at *1 (M.D. Fla. Apr. 12, 2006); Windmere Corp. v. Remington Prods., Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985).

Upon consideration of all of the factors, the Court determines that transfer of the case is warranted. The convenience of the non-party witnesses weighs in favor of transfer. In analyzing the convenience of non-party witnesses, a court must "qualitatively evaluate the materiality" of the witnesses' testimony, rather than simply compare the number of witnesses in or near each forum. See Motorola Mobility, Inc. v. Microsoft Corp., 804 F. Supp. 2d 1271, 1277 (S.D. Fla. 2011) (internal quotation marks omitted); Silong, 2006 WL 948048, at *2. The primary question is therefore whether a witness is key. A witness is key if his or her testimony is likely to be significant enough that the witness's

presence would be necessary at trial. See Mason v. Smithkline Beecham Clinical Labs., 146 F. Supp. 2d 1355, 1361–62 (S.D. Fla. 2001). Ali's Amended Complaint identifies several potentially significant witnesses who apparently live in California. He alleges that the Individual Defendants represented to him that they would repay the loan "in the [presence] of more than two witnesses … at [Ali's] place of business located in Fresno County." Amended Complaint at 5. He also alleges that he enlisted the aid of "community leaders" to help him recover on the loans. Id. at 6, 9. The natural reading of that allegation is that those people are "leaders" in communities in California, where all relevant events took place. Although it is possible—yet unclear from the face of Ali's Amended Complaint—that some of his family members (who now allegedly live in Florida) might testify, there is no indication of the topics about which they would testify. Given that the California witnesses' testimony certainly would be material, the Court finds that the convenience of the non-party witnesses weighs in favor of transfer to California.

Modern technology has reduced the importance of the location of relevant documents and the relative ease of access to sources of proof. See Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc., 761 F. Supp. 2d 1322, 1327 (M.D. Fla. 2010). Moreover, it is unclear whether any documentary evidence would be involved in light of Ali's allegations, which suggest that Ali and the Individual Defendants had an oral agreement. See Amended Complaint at 5. Nevertheless, to the extent corporate documents or documents related to the bonds issued by the Surety Defendants are relevant to the case, they would more likely be in California. As such, this factor weighs slightly in favor of transfer.

The convenience of the parties is a neutral factor. The Individual and Corporate Defendants are all California citizens, so litigating the case in California would be more convenient for them. Although the Surety Defendants are all citizens of states other than California, that they allegedly issued bonds to car dealerships in California (a fact they have not contested) suggests that litigating this case in California would be more convenient for them because they apparently conduct business in that state. Ali, on the other hand, alleges that he currently resides in Florida. See Amended Complaint at 1–2. Moreover, in his Response to the Order to Show Cause, he asserts that he would be unable to maintain the case in California. See Doc. 70 at 2. However, that assertion directly contradicts his allegations in two separate California cases filed after this case in which he alleges that he is a resident of California. See Ali v. Dollar Rent A Car Inc., No. 15CECG02419 (Cal. Super. Ct. Fresno Cnty.), available at https://publicportal.fresno.courts.ca.gov/FRESNOPORTAL/Home/ (complaint filed on July 31, 2015; alleging that "Ali is and at times mentioned herein, is [sic] a resident of Fresno County, California"); Ali v. Starbucks Corp., No. 15CECG02693 (Cal. Super. Ct. Fresno Cnty.), available at https://publicportal.fresno.courts.ca.gov/FRESNOPORTAL/Home/ (complaint filed on August 26, 2015; same allegation concerning residence).[1] That Ali has chosen to bring other cases in California after he

---

[1] Several Defendants ask the Court to take judicial notice of these California state-court proceedings. See Abdul Jawad's Motion at 6–7; Auto Resources' Motion at 13; Doc. 50 at 2. At any stage of a case, on a party's request, a court must, if supplied with the necessary information, judicially notice a fact that cannot be reasonably disputed because it either is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)–(d). Moreover, in ruling on a motion to dismiss, a court may judicially notice information about a state case from another court's database. Crenshaw v. City of Defuniak Springs, No. 3:13-cv-50/MCR/EMT, 2014 WL 667689, at *3 n.1 (N.D. Fla. Feb. 20, 2014) (citing cases); see Boyd v. Georgia, 512 F. App'x 915, 917 (11th Cir. 2013) (court properly judicially noticed on its own the online record of related state-court criminal proceeding as basis for dismissing plaintiff's civil rights complaint). The parties fail to identify the name or number of one of the cases (although they provided its filing date: July 31, 2015), see Abdul

filed this case in Florida strongly suggests that he could maintain this case in California as well.[2] Nevertheless, accepting as true Ali's allegation that he now resides in Florida, transferring the case to California would be less convenient for him. As such, giving Ali the benefit of any doubt, this factor is neutral.

With regard to the next factor, Ali's Amended Complaint establishes that all of the events relevant to this case occurred in California. As such, the locus of operative facts weighs in favor of transfer.

The availability of process to compel the attendance of witnesses also favors transfer. Rule 45(c)(1)(A) of the Federal Rules of Civil Procedure generally prohibits compelling a witness to travel more than 100 miles to testify. As such, the California witnesses previously discussed could not be compelled to testify at a trial in this District, although they most likely could be compelled if the case were transferred to the Eastern District of California. Although, as discussed, some of Ali's family members might be

---

Jawad's Motion at 6–7; Auto Resources' Motion at 13, but they did provide that information as to the second one. Nevertheless, the Court may judicially notice both California cases because they both can be readily and accurately determined from a source whose accuracy cannot reasonably be questioned (the state-court dockets).

   Federal Rule of Evidence 201(e) provides that, on timely request, "a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Here, Ali had ample notice of the possibility that the Court would judicially notice his later-filed California cases based on the Defendants' references to them. He was aware of those cases and has never contested their existence or the substance of the proceedings as described by the Defendants. Ali therefore has had sufficient opportunity to be heard on the propriety of taking judicial notice of the proceedings and facts related to those proceedings, including the dates on which they were filed and Ali's allegations concerning his residence.

   [2] The docket in Ali v. Dollar Rent A Car indicates that the case was dismissed in February 2016. See Ali v. Dollar Rent A Car, No. 15CECG02419 (request for dismissal filed Feb. 2, 2016). The docket in Ali v. Starbucks Corporation indicates that the defendant removed the case to federal court. See Ali v. Starbucks Corp., No. 15CECG02693 (notice of removal filed Sept. 29, 2015). The parties subsequently settled that case in January 2016. See Ali v .Starbucks Corp., No. 1:15-cv-01450-DAD-SKO (E.D. Cal.) (Doc. 18, filed Jan. 15, 2016). Thus, although neither of the cases Defendants cite remains pending, they both demonstrate that Ali was willing and able to litigate them to varying degrees despite that they proceeded in California while he purportedly lived in Florida (according to his allegations in this case).

witnesses, there is no indication that they actually have relevant testimony or that they could not accompany Ali to California. Because the various California witnesses could not be compelled to testify in this District, this factor favors transfer.

Turning to the relative means of the parties, the Court notes that this factor does not simply involve comparing the relative sizes of the parties. See U.S. ex rel. Elder v. DRS Techs., Inc., No. 2:11-cv-02097-RDP, 2013 WL 3151171, at *6 (N.D. Ala. June 14, 2013). Even if it did, the Court has insufficient information to determine the means of the various Defendants. Nevertheless, even assuming that Ali has relatively lesser means than most of the Defendants, thus tipping this factor in his favor, it is insufficient to defeat transfer.

Despite Ali's suggestion to the contrary, the applicable law governing the state-law claims in this case is that of the state of California because all relevant events occurred there. See Travelers Prop. Cas. Co. of Am. v. Moore, 763 F.3d 1265, 1270 (11th Cir. 2014) ("A federal court sitting in a diversity action applies state law using the choice of law rules of the forum state."); Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc., 485 F.3d 1233, 1240 (11th Cir. 2007) (observing that, when a tort is involved, Florida determines choice of law based on which state has the "most significant relationship" to the cause of action)[3]; Prime Ins. Syndicate, Inc. v. B.J. Handley Trucking, Inc., 363 F.3d

---

[3] Specifically, Grupo Televisa states:

Florida resolves conflict-of-laws questions according to the "most significant relationship" test outlined in the Restatement (Second) of Conflict of Laws. Bishop v. Florida Specialty Paint Co., 389 So. 2d 999, 1001 (Fla. 1980). The Restatement (Second) of Conflict of Laws provides a "General [Tort] Principle" in section 145 that is intended to inform courts as they apply the more specific "Choice of Law Principles" outlined in section 6.

…

Section 145 of the Restatement (Second) of Conflict of Laws provides:

1089, 1092 & n.1 (11th Cir. 2004) (stating that, when contract matters are involved, Florida applies law of state where contract was executed). Although a federal court in Florida is fully capable of applying California law, a California district court certainly is more familiar with California law. As such, this factor weighs in favor of transfer.

Ordinarily, a plaintiff's choice of forum is accorded great weight. See Robinson, 74 F.3d at 260 (11th Cir. 1996). However, a plaintiff's choice of forum is generally given less weight where the operative facts of the case did not occur within the chosen forum. Silong, 2006 WL 948048, at *1. Such is the case here. Importantly, venue in this District is improper as to all claims against the Corporate Defendants, Hudson, and American Safety, and most if not all claims against the Individual Defendants. Although Aegis, Philadelphia Indemnity, and (possibly) Western Surety have not challenged venue and therefore have waived any argument that venue is improper as to them, but for that waiver, it is likely that venue in this District would not be proper as to them either. Put simply, there is no apparent reason for this case to be filed in this District aside from Ali's

---

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account … include:

    (a) the place where the injury occurred,

    (b) the place where the conduct causing the injury occurred,

    (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

    (d) the place where the relationship, if any, between the parties is centered.

Grupo Televisa, 485 F.3d at 1240. As to the tort claims in this case, the injuries all occurred in California; the allegedly injurious conduct occurred in California; several of the parties are domiciled or incorporated or otherwise do business in California; and any relationship between the parties was centered in California. Thus, under Florida's choice-of-law rules, the Court would apply California law to Ali's tort claims.

alleged presence in the District. As such, Ali's choice of forum is entitled to little weight in the Court's analysis.

The final factor for the Court's consideration is that of trial efficiency and the interests of justice. Trial efficiency is a neutral factor. Both the Middle District of Florida and the Eastern District of California have relatively heavy caseloads (the Eastern District of California ranks second nationally in civil filings per judgeship, while the Middle District of Florida ranks seventh in that category, see Federal Court Management Statistics, June 2015, available at http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2015), and they have nearly identical median times from filing to disposition of civil cases for the 12-month period preceding June 2015 (8.5 months for the Eastern District of California versus 8.3 months for the Middle District of Florida, see id.). But the interests of justice strongly favor transfer. As discussed, this case has no connection to Florida except for Ali's alleged presence here, and courts recognize an interest in trying localized controversies locally. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–09 (1947), superseded by statute on other grounds as stated in Am. Dredging Co. v. Miller, 510 U.S. 443, 449 n.2 (1994). Moreover, the Court has already determined that venue in this District is improper as to at least some of the claims against 13 of the 16 Defendants in this case. See Doc. 65 at 8–12. As such, if the Court declined to transfer the case, it would be obligated to dismiss those claims and address the merits of the remaining claims, thereby virtually ensuring that two separate courts would address Ali's identical claims, and the witnesses necessarily would be involved in two separate actions thousands of miles apart. Transfer avoids these extremely inefficient results. It is in the interest of all

parties involved, Ali included, to have one court address all of Ali's claims arising from the same facts in a single proceeding.[4]

Upon consideration of all of the relevant factors, the Court concludes that transfer of this case to the Eastern District of California is warranted. Aside from Ali's potentially lesser means and the slight weight given to his chosen forum, all of the remaining factors either favor transfer or are neutral. Because this case has no connection to the Middle District of Florida; because transfer allows the entire case to be decided by a single court; and because Ali's subsequent conduct has demonstrated that he would be able to maintain the case in California, the Eastern District of California provides the more appropriate venue.

## Conclusion

In light of the foregoing, transfer of this case to the Eastern District of California is warranted. Accordingly, it is hereby

**ORDERED:**

1.      Defendants, Abdul Jawad, Jawad Co., d/b/a Own A Car of Fresno, Fresno Auto Liquidation Cetner [sic], Sierra Auto, Jawad Investment, Inc., Hudson Insurance Company and American Safety Casualty Insurance Company's Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue and Motion to Dismiss or, in the Alternative, Motion for More Definate [sic] Statement and Supporting Memorandum of Law (Doc. 26) is

---

[4] That Ali has filed two additional lawsuits in the Middle District of Florida, see Ali v. Taha, 3:16-cv-215-J-34PDB; Ali v. Jawad, 3:16-cv-177-J-34PDB, does not affect the Court's evaluation of the propriety of transfer of this case. Those cases, although naming additional defendants purportedly related to the same underlying facts, are already entirely separate proceedings, while the claims at issue in this case are currently in a single proceeding. Should his pending motions for leave to proceed in forma pauperis be granted in his new cases, the Court would then determine the best way to handle those cases.

**GRANTED** to the extent that the Court will transfer all claims against those Defendants to the Eastern District of California.

2.   Defendants Auto Resources Inc., Carmotive, Inc. [sic] Najeh Jawad, Jad Jawad and Mohammed Jawad's Motion to Dismiss First Amended Complaint or, in the Alternative, Motion to Change Venue (Doc. 44) is **GRANTED** to the extent that the Court will transfer all claims against those Defendants to the Eastern District of California.

3.   The Clerk of the Court is **DIRECTED** to transfer this action to the United States District Court for the Eastern District of California, Fresno Division.

4.   The Clerk of the Court is further **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on March 21, 2016.


MARCIA MORALES HOWARD
United States District Judge

lc21
Copies to counsel of record